UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 23-1966 ODW (PVC)                                      Date: April 21, 2023

Title     Letricia Lavern Brown v. State of California, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S DUPLICATE MOTIONS FOR HEARING ON DEFAULTS  (Dkt. Nos. 44 & 47)**

This *pro se* civil action was removed from the Los Angeles County Superior Court on March 16, 2023.  On April 12 and 13, 2023, Plaintiff filed duplicate Motions for Hearing on Defaults.[1]  (Dkt. Nos. 44 & 47).  On April 20, 2023, the State of California

---

[1] The Motions are identical photocopies except that the copy of the Motion filed at Dkt. No. 47 includes two pages that appear to have been inadvertently omitted from Dkt. No. 44 (*see* Dkt. No. 47 at 9 & 27); reproduces photos in black and white that were in color in Dkt. No. 44 (*compare, e.g.*, Dkt. No. 44 at 36 (Santiago Himenez), 44 ("Julie"), 50 (Rick Licciardello), and 55 (Brianna J. Garcia) *with* Dkt. No. 47 at 38 (Himenez), 46 ("Julie"), 53 (Licciardello), and 64 (Garcia)); and erroneously attaches two photographs and three proofs of service as part of Exhibit 5.2 that were properly grouped with the other proofs of service in Exhibit 4 in Dkt. No. 44.  (*Compare* Dkt. No. 44 at 55-62 *with* Dkt. No. 47 at 64-71).

Because the entirety of Dkt. 44 is encompassed by Dkt. No. 47, the Court will cite to the Motion docketed at Dkt. No. 47 in the discussion below and will refer to the Motions in the singular.  The Court will cite to Plaintiff's filings as though they were consecutively paginated using the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                    Date:  April 21, 2023

Title   Letricia Lavern Brown v. State of California, et al.

and Palos Verdes Peninsula Unified School District filed oppositions to the Motion. (Dkt. Nos. 80 (State of California Opp.); 83 (Palos Verdes Opp.)).  The Court concludes that this matter may be resolved without further briefing or a hearing.  C.D. Cal. L.R. 7-15.  For the reasons stated below, Plaintiff's Motion for Hearing on Defaults is DENIED without prejudice.[2]

### Overview of the Motion

The Motion consists of a request for entry of default, (Motion at 1-2), supported by several exhibits.  Exhibit 1 is a copy of the state form request for entry of default and default judgment filed in the Los Angeles County Superior Court on February 21, 2023, (*id*. at 3-6), including a lengthy certificate of service.  (*Id*. at 7-12).  That request seeks the default of the following defendants:  (1) State of California, (2) Riverside County Sheriff Department [sic], (3) Cloud Escrow Incorporation, (4) Palos Verdes Peninsula Unified School District, (5) County of Los Angeles, (6) South Central Los Angeles Regional Center,[3] (7) Superior Court of California, County of Los Angeles, and (8) Torrance Memorial Medical Center.  (*Id*. at 4).  Exhibit 2 is another state form request for entry of default and default judgment, signed on March 13, 2023, though not file-stamped by the Superior Court.  (*Id*. at 13-16).  It seeks the default of (1) "United States

---

[2] Although the Motion is captioned only as a Motion for Hearing on Defaults, in the body of the Motion, Plaintiff states:  "This case should be moved back to the Superior Court of California, County of Los Angeles, and, or [sic] default entered in this Court."  (Motion at 2).  However, while the Motion attaches state-form requests for entry of default and for default judgment in Exhibits 1 and 2, Plaintiff does not explain anywhere why remand to state court is appropriate.  The request for remand is entirely unsupported and does not merit further discussion here.  Accordingly, the Court will address the Motion solely as a motion for entry of default and for default judgment.

[3] The Court construes the reference to "South Central Los Angeles Regional Center" in the Motion to refer to South Central Los Angeles Regional Center for Developmentally Disabled Persons, Inc.  (*See* Complaint, Dkt. No. 1-2, at 6 #39).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 23-1966 ODW (PVC) | Date:  April 21, 2023 |
| Title   Letricia Lavern Brown v. State of California, et al. | |

of America, et al.," (2) Palos Verdes Peninsula Unified School District, and (3) Weingart YMCA Wellness and Aquatic Center.  (*Id*. at 14).  It, too, includes a lengthy certificate of service.  (*Id*. at 17-22).

Exhibit 3 is a largely incomprehensible document captioned "Statement of Damages."  (*Id*. at 23-31).  Exhibit 4 (*id*. at 32-56, 64-71) consists of the proofs of service of the complaint on the following defendants:  (1) State of California (*id*. at 33-34); (2) South Central Los Angeles Regional Center (*id*. at 35-39, including photographs); (3) Cloud Escrow Incorporation (*id*. at 40-41); (4) Torrance Memorial Center (*id*. at 42-46, including business card and photograph); (5) Torrance Memorial Center, 2d Service (*id*. at 47-48); (6) Palos Verdes Peninsula Unified School District (*id*. at 49-53, including business card and photograph); (7) County of Los Angeles (*id*. at 54-56, 64-65, including photographs);[4] (8) Edmund D. Edelman Children's Court, Superior Court of California, County of Los Angeles (*id*. at 66-67, exact duplicate at *id*., 70-71); and (9) County of Los Angeles, 2d Service (*id*. at 68-69).[5]  Exhibit 5 consists of a certificate of compliance with the meet and confer requirements of Local Rule 7-3 (*id*. at 58), including handwritten notes of Plaintiff's attempts to contact counsel for the State of California, the County of Los Angeles, and the Superior Court of California, Los Angeles County (*id*. at 59); a meet and confer letter announcing Plaintiff's intention to seek the defaults of specific parties ("Exhibit 5.1," *id*. at 60-62); and screen shots of call logs reflecting calls to Mark

---

[4] As noted earlier, in the copy of the Motion at Dkt. No. 47, Plaintiff appears to have inadvertently placed the documents at pages 64-71 after the cover page for Exhibit 5.2, even though they are logically part of Exhibit 4 and were presented as such in the copy of the Motion filed at Dkt. No. 44.  (*See* Dkt. No. 44 at 55-62).

[5] The Court makes no findings at this time as to whether service was properly effected.  (*See* Dkt. No. 80 at 4 (State of California opposition to Motion contending that service was not properly effected on the State because the summons and complaint were not served on the Attorney General's Office in Sacramento)).  Furthermore, in the unique circumstances of this case, the Court does not construe a Defendant's decision to file a motion to dismiss as a waiver of any service defects.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                               Date:  April 21, 2023

Title   Letricia Lavern Brown v. State of California, et al.

Ashley Brown (State of California), Rebecca Chmura (County of Los Angeles), Sarah Overton (Superior Court), and Collins & Collins (County of Los Angeles) ("Exhibit 5.2," *id*. at 63, 72-78).

     In Plaintiff's meet and confer letter, Plaintiff asserts that the following parties are in default:  (1) State of California; (2) South Central Los Angeles Regional Center; (3) Cloud Escrow Incorporation; (4) Torrance Memorial Center; (5) Palos Verdes Peninsula Unified School District; (6) County of Los Angeles; and (7) Superior Court of California, County of Los Angeles.  (Motion at 61-62).  Although the Motion is far from clear, the Court presumes for purposes of this Order only that Plaintiff is seeking entry of default against these Defendants by the present Motion.

## Standard

     The Court Clerk must enter default when a defendant fails to plead or otherwise defend a case.  Fed. R. Civ. P. 55(a).  In general, once default has been entered by the Clerk, all factual allegations in the complaint against the defaulting Defendant, except those relating to the amount of damages, will be taken as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

     Following entry of default under Rule 55(a), the plaintiff may then apply to the court for default judgment.  Fed. R. Civ. P. 55(b).  The Central District's Local Rule 55-1 requires that applications for default judgment be supported by a declaration that includes the following attestations:  (1) when and against what party the default was entered; (2) the pleading to which default was entered: (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).  C.D. Cal. L.R. 55-1; *see also* Fed. R. Civ. P. 55(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                         Date:  April 21, 2023

Title      Letricia Lavern Brown v. State of California, et al.

Entry of default, however, does not automatically entitle a plaintiff to a court-ordered judgment.  *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  Instead, the decision to grant or deny a request for default judgment is within the court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (courts have broad discretion to grant or deny entry of default, and may do so even "when a defendant is technically in default for failing to answer or otherwise appear").  The Ninth Circuit has identified several factors (collectively, the "*Eitel* factors") that the court should consider in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are "ordinarily disfavored," as "[c]ases should be decided upon their merits whenever possible."  *Id*. at 1472.

## Discussion

Plaintiff's Motion must be denied for numerous overlapping reasons.  First, even after spending an extensive amount of time attempting to decipher the Motion, the Court is still unsure precisely which entities Plaintiff claims are in default and whether Plaintiff is seeking a clerical entry of default (Rule 55(a)) or a court-ordered default judgment (Rule 55(b)), or both, against those entities.  Second, the state court form requests attached as Exhibits 1 and 2, which appear to seek both entry of default and default judgment under the provisions of the California Code of Civil Procedure, are inapplicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                   Date:  April 21, 2023

Title   Letricia Lavern Brown v. State of California, et al.

here.  Federal procedural law governs this action, and as such, to the extent that Plaintiff is seeking entry of default and default judgment, the Federal Rules of Civil Procedure control.  Under the Federal Rules, entry of default and default judgment are separate actions, the requests for which should be directed respectively to the Court Clerk and the District Judge.[6]

Third, to the extent that Plaintiff is seeking default judgment, the request is premature because Plaintiff has not obtained entry of default against any party by the Court Clerk in accordance with Rule 55(a).  *See Stephenson v. Lappin*, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007), report and recommendation adopted, 2007 WL 1894295 (E.D. Cal. July 2, 2007) ("Entry of a default under Rule 55(a) is a prerequisite to entry of a default judgment under Rule 55(b)."); *Montgomery v. Noll*, 2007 WL 2141247, at *1 (N.D. Cal. July 25, 2007) ("Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought *after* default has been entered against a defendant.") (emphasis in original).  Additionally, a request for default judgment must be accompanied by a declaration that complies with the requirements of Local Rule 55-1, which Plaintiff has not submitted.  C.D. Cal. L.R. 55-1.

Fourth, even if the Court were to construe the instant Motion to seek the entry of default under Rule 55(a), such relief would not be appropriate at this stage of the proceedings because it appears that many of the Defendants against which Plaintiff *might* be seeking entry of default have appeared and are defending this action.  Multiple parties have filed motions to dismiss.  (*See* Dkt. Nos. 14, 21 (Palos Verdes Peninsula Unified School District); Dkt. No. 24 (South Central Los Angeles Regional Center for

---

[6] Because this matter has been referred to the Magistrate Judge, if Plaintiff files a procedurally proper Rule 55(b) request for default judgment after entry of default by the Court Clerk under Rule 55(a), the Court will prepare a Report and Recommendation for the District Judge recommending that the request be granted or denied.  In light of the manifest deficiencies of the instant Motion, however, the Court will deny Plaintiff's Motion without prejudice to re-filing pursuant to the guidelines set forth in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                               Date:  April 21, 2023

Title           Letricia Lavern Brown v. State of California, et al.

Developmentally Disabled Persons, Inc.); Dkt. Nos. 26, 77 (State of California), Dkt. No. 30 (Torrance Memorial Medical Center); Dkt. No. 35, 50 (Superior Court of California, County of Los Angeles, sued erroneously as Edmund D. Edelman Children's Court); Dkt. No. 73 (Riverside County Sheriffs Department).  These motions were filed well *before* Plaintiff appears to have sought default of these entities.  Furthermore, two Defendants so far have filed oppositions to the Motion for default, also evidencing Defendants' intention to defend this case.  (*See* Dkt. Nos. 80 & 83).  While Plaintiff may believe that she is entitled to entry of default because these Defendants have not filed an answer to the Complaint, (*see* Motion, Exh. 5.1 at 61), the filing of a motion to dismiss, by itself, is sufficient to preclude entry of default.  *See Stephens v. St. Francis Med. Ctr.*, 2018 WL 3655659, *18 (C.D. Cal. June 22, 2018) ("[T]he entry of default would not appropriate at this juncture since each such defendant has now appeared and filed or joined a motion to dismiss."); *see also Lee v. Brotherhood of Maint. of Way Emps.-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.") (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure, § 2682 at 411 (2d ed. 1983)); *Hudson v. State of North Carolina*, 158 F.R.D. 78, 80 (E.D. N.C. 1994) (the "filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)," and even a late-filed motion to dismiss cures the default such that "thereafter entry of default would not be appropriate").

Finally, even if Plaintiff had properly served certain Defendants that did not timely respond to the pleading and had adequately attempted to meet and confer with those Defendants prior to filing the Motion, which the Court need not and does not decide, and even if the request for entry of default did not suffer from the numerous procedural deficiencies addressed above, the Court would still deny the Motion on this record.  As a preliminary matter, there is no evidence before the Court to suggest that any Defendant has engaged in any intentional culpable conduct to warrant entry of default or a default judgment.  *See FOC Financial Limited Partnership v. Nat'l City Commercial Capital*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                           Date:  April 21, 2023

Title         Letricia Lavern Brown v. State of California, et al.

*Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009) ("Only intentional conduct is sufficiently culpable to deny a motion to set aside default."); *see also Butner v. Neustadter*, 324 F.2d 783, 787 (9th Cir. 1963) (any doubts as to defendant's excusable neglect must be resolved in favor of setting aside the default).

      Furthermore, as evidenced by the motions to dismiss already filed in this action, it is reasonable to conclude that serious disputes concerning material facts will arise with each Defendant.  Additionally, the sufficiency of Plaintiff's operative First Amended Complaint, which, including attachments is 465 pages long and purports to sue at least eighty separate Defendants for a variety of unrelated, often fantastical, injuries, is questionable at best, and many allegations are patently frivolous.  (*See, e.g.*, FAC at 16 (contending that the state and federal government "implanted devices in [Plaintiff's] body that know [her] thoughts without [her] speaking them"); 49 (claiming that LaToya Jackson used fabricated evidence against Plaintiff that led to the removal of Plaintiff's son from her home); 128 (claiming that Beyonce Knowles sent her relative to have a child with Plaintiff's niece in order to persuade Plaintiff's family to betray and keep surveillance on Plaintiff).  Accordingly, even a cursory examination of the *Eitel* factors cautions against default in this action until it is clear that Plaintiff has alleged coherent, cognizable claims against each Defendant for which default is requested.

      Plaintiff's Motion for Hearing on Defaults is therefore DENIED WITHOUT PREJUDICE.  Any further default requests *must* comply with the procedural and substantive guidelines set forth in this Order.  Plaintiff is cautioned that any requests for default against a Defendant that has appeared and is actively defending this case will be summarily rejected.

      Plaintiff is further admonished that duplicative motions, such as those filed at Dkt. Nos. 44 and 47, that require disproportionate expenditures of Court resources to decipher and compare are improper and will be summarily stricken in the future.  If Plaintiff discovers a material error in a pending motion that must be corrected for the Court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-1966 ODW (PVC)                                    Date:  April 21, 2023

Title        Letricia Lavern Brown v. State of California, et al.

fully understand what Plaintiff is requesting, she should file a "Notice of Errata" describing the error and asking that a correction of the error be substituted.

Finally, as the District Judge counseled in his Order striking Plaintiff's prior default motion (Dkt. No. 22),

> Plaintiff is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions.  The Los Angeles Clinic operates by appointment only.  Appointments are available either by calling the Clinic or by using an internet portal.  The Clinic can be reached at (213) 385-2977, ext. 270 or through an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.  Clinic staff can respond to many questions with a telephonic appointment or through an email account.  It may be more convenient to email questions or schedule a telephonic appointment.  Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.  ***Plaintiff is encouraged to visit the Clinic or otherwise consult with an attorney prior to filing a renewed motion.***

(Dkt. No. 28 at 1-2) (emphasis added).

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |